```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        NORTHERN DIVISION
```

**UNITED STATES**                                                    **PLAINTIFF**

**VS.**                              **CRIMINAL ACTION NO: 3:12-cr-88-DCB-FKB**
                                     **CIVIL ACTION NO: 3:14-cv-355-DCB**

**KEITH DEWAYNE TAYLOR**                                             **DEFENDANT**

## ORDER GRANTING MOTION TO WITHDRAW PRIOR MOTION

This matter is before the Court on Defendant's, Keith Dewayne Taylor, Motion to Vacate, Set Aside, or Amend Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 **[docket entry no. 318]** and Motion to Withdraw the above motion **[docket entry no. 355]**. Having considered the motions, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds and orders as follows:

Defendant Keith Dewayne Taylor has moved this Court to withdraw his previously filed motion to vacate. The Government has not responded to Taylor's motion to withdraw. Taylor has offered no explanation for his most recent motion, but none is required of him. Therefore, the Court will grant Taylor's motion to withdraw his prior motion to vacate his sentence. This will not operate as a judgment on the merits of his Section 2255 petition, and the dismissal of his petition is without prejudice. Taylor may refile if he so wishes. But the Court can find no authority to suggest

that the filing and withdrawing of a Section 2255 petition would toll the statute of limitations on making such a motion under these circumstances.[1] Motions under Section 2255 must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1) (2008). Further, the Fifth Circuit has already foreclosed the argument "that the refiling of a petition previously dismissed without prejudice constitutes the same habeas proceeding." United States v. Patterson, 211 F.3d 927, 932 n.9 (5th Cir. 2000) (holding that the petitioner had shown extraordinary circumstance after a dismissal without prejudice of a prior 2255 filing because the district court lacked guidance related to recently enacted Antiterrorism and Effective Death Penalty Act). Accordingly,

IT IS HEREBY ORDERED that the Defendant's Motion to Withdraw Motion to Vacate under 28 U.S.C. 2255 is GRANTED.

FURTHER ORDERED that the Defendant's Motion to Vacate, Set Aside, or Amend Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 is DENIED as MOOT.

SO ORDERED this the 9th day of March 2015.

                                                /s/ David Bramlette
                                                UNITED STATES DISTRICT JUDGE

---

[1] A Section 2255 claim may be equitably tolled when a petitioner can "sho[w] (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).